**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : : : | **Criminal Action No. 24-349 (SRC)** |
| v. | : : | **OPINION & ORDER** |
| LEONARDO CRUSEL | : : : : |  |

**CHESLER**, District Judge

This matter comes before the Court on Defendant Leonardo Crusel's ("Defendant") Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 37, the "Motion"). In his Motion, Defendant seeks immediate release from custody. The Government filed a brief in opposition to the Motion (Dkt. No. 39, the "Opposition"). Defendant did not file a Reply. Having considered the parties' submissions, the Court decides this matter without oral argument. See Fed. R. Crim. P. 43(b)(4); United States v. Styer, 573 F.3d 151, 154 (3d Cir. 2009). For the reasons set forth below, the Court will **DENY** Defendant's motion.

### I.      BACKGROUND

On April 16, 2023, Defendant was arrested at John F. Kennedy Airport just before he planned to board a flight out of the country for which he had only booked a one-way ticket. (Presentence Investigation Report ("PSR") ¶ 20). He was arrested after law enforcement had conducted an extensive investigation into a drug trafficking organization of which he was apart and had arrested several other members of this organization. (Id. at ¶¶ 5-20). On May 22, 2024, Defendant pled guilty to a one-count information which charged him with conspiring to distribute

and to possess with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1), (b)(1)(c), and 846.  (Id. ¶ 1).  As part of his plea, Defendant and the Government agreed that the offense of conviction involved between five and fifteen kilograms of cocaine,  (Id. ¶ 31) but it is worth noting that the organization in which he participated was responsible for transporting at least 71 kilograms of cocaine.  (Id. ¶ 6).

Under the terms of Defendant's plea agreement with the Government, the parties agreed that Defendant's base offense level was 30, that Defendant was a minor participant, and that the total offense level was 25, 23, or 21, depending on how this Court found on certain questions regarding Defendant's culpability, cooperation, and criminal history.  (Plea Agreement at 8-9). The plea agreement contained an appellate waiver for sentences in the range of 37-71 months.  (Id. at 10).  Pre-Trial Services, on the other hand, determined that Defendant had a base offense level of 34, but a total offense level of 22 and had a criminal history category of I.  (PSR ¶ 49).  Based on these details, Pre-Trial Services stated that the guidelines range for Defendant's sentence was 41 to 51 months imprisonment.  (Id. ¶ 90).   Ultimately, this Court sentenced Defendant to 37 months imprisonment, the bottom of the relevant guidelines range, to be followed by two years of supervised release. (Dkt. No. 35).

On December 10, 2024 and March 15, 2025, Defendant submitted requests to the warden of his prison seeking compassionate release.  (Mot. at 36-37).  It appears the warden did not respond.  Having exhausted his administrative remedies, on May 14, 2025 Defendant filed the instant motion for sentence reduction.

## II.    LEGAL STANDARD

A  district  court  may  only  modify  a  sentence  of  imprisonment  in  "limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010).  One such circumstance is

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), under which Defendant moves in this case. The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if it finds the following: (1) the defendant has exhausted his administrative remedies; (2) there are "extraordinary and compelling reasons" which, "consistent with applicable policy statements issued by the Sentencing Commission," warrant a reduction, and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

The relevant Sentencing Guidelines Policy Statements provides, in relevant part, that a Court may grant a motion for sentence reduction:

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>     (B) []
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G § 1B1.13. The Guidelines then expound upon the meaning of the term "extraordinary and compelling reasons," stating that such reasons exist under each of or a combination of six enumerated circumstances: "(1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence [for Defendant's who have served at least 10 years of a term of imprisonment]." Id. Additionally, the Guidelines add, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . .. However, rehabilitation of the defendant while

3

serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id.

"[S]entencing courts are ... permitted 'to exercise broad discretion' to determine whether and to what extent the prisoner warrants, or, in other words, is qualified for, a sentence reduction." United States v. Rutherford, 120 F.4th 360, 365 (3d Cir. 2024) (quoting United States v. Stewart, 86 F.4th 532, 534 (3d Cir. 2023)); see also United States v. Colon, 2024 WL 4607486, at *3 (D.N.J. Oct. 25, 2024) ("Although courts are not bound by Section 1B1.13's definition of 'extraordinary and compelling reasons,' courts may still consider the definition as a 'guide' to 'shed[ ] light on the meaning of extraordinary and compelling reasons.'" (quoting United States v. Andrews, 12 F.4th 255, 259–60 (3d Cir. 2021). Ultimately, it is the defendant seeking relief, not the Government, who carries the burden of demonstrating that he is entitled to compassionate release. See United States v. Rooks, 2022 WL 2964805, at *2 n.4 (3d Cir. July 27, 2022) (per curiam).

### III.    DISCUSSION

The Court must answer three core questions in deciding whether to grant a motion for compassionate release. See United States v. Manasse, 2026 WL 266094, at *3 (D.N.J. Feb. 2, 2026). First, whether the defendant has exhausted all administrative rights to appeal under 18 § 3582(c)(1)(A). Second, whether the defendant is eligible for a reduction based on a "extraordinary and compelling reasons" consistent with U.S.S.G. § 1B1.13(b). Third, whether the defendant qualifies for a reduction under the sentencing factors set out in 18 U.S.C. § 3553(a).

Here, the record clearly establishes, and the Government concedes, Defendant has exhausted his administrative remedies. (Mot. at 36-37; Opp at 4). Because the Court finds Defendant satisfies the exhaustion requirement, the Court next turns to "whether Defendant has met his burden to demonstrate an extraordinary and compelling reason justifying a sentence

reduction, and . . . whether early release is warranted pursuant to the factors enumerated under 18 U.S.C. § 3553(a)." United States v. Jones, 2025 WL 2533529, at *2 (D.N.J. Sept. 3, 2025) (citations omitted).

First, the Court turns to an analysis of Defendant's proffered extraordinary and compelling reasons. Defendant first argues that he has various health conditions which support a sentence reduction. (Mot. at 8). Defendant states that he has had "three pre heart attacks" and has had surgery to remove "a tumor . . . from his head." (Id. at 2). Defendant also notes that prisons across the country experienced issues relating to provision of medical care during the COVID-19 pandemic. (Id. at 8). Unfortunately, none of these suffice to demonstrate medical circumstances that are "extraordinary and compelling." Defendant notes that he was able to receive surgery for his tumor while incarcerated, suggesting that he is, in fact, able to receive sufficient care for medical conditions while in prison. Further, according to the BOP's website, Defendant is currently projected for release on September 18, 2026. Defendant has not marshaled any evidence that indicates he requires immediate release to care for an urgent medical condition in the next six months.

Defendant next argues that the "drastic sentencing disparities created by sentencing law reform is an extraordinary and compelling reason supporting his release," (Id. at 25), and that if he were sentenced today, "he would be safety-valve eligible and the 37-month mandatory minimum sentence would not have been imposed." (Id. at 27). This argument is unpersuasive for several reasons, but chiefly because it is mistaken on the facts. Defendant was in fact given safety valve eligibility *and* the zero-point offender enhancement. The Court applied these reductions in reaching its sentence. Further, the 37-month sentence handed down by this Court was at the very bottom of the Guidelines range for an individual with a total offense level of 21 and criminal

history category of I, and lower than minimum of 41 months imprisonment proposed by Pre-Trial Services. (See U.S.S.G. Sentencing Table; PSR ¶ 2). The Third Circuit has stated that the "duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance," Andrews, 12 F.4th at 260, and this Court has been presented with nothing that suggests Defendant's very lenient sentence was unlawful.

Defendant's final argument for a finding of extraordinary and compelling circumstances justifying a sentence reduction is that he has been sufficiently rehabilitated while in Prison. (Mot. at 29). The Court commends both Defendant's commitment to bettering himself by enrolling in several classes while incarcerated and his maintenance of a clean disciplinary record. But, as Defendant concedes, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," and in this case the Court has not been presented with other circumstances which "in combination" with rehabilitation, cut towards early release. See U.S.S.G. § 1B1.13(d).

In sum, the Court does not find extraordinary and compelling reasons which would justify Defendant's early release from incarceration. But, even if the Court did find extraordinary and compelling reasons, consideration of the 18 U.S.C. 3553(a) factors would result in denial of the Motion.

Defendant received an incredibly lenient sentence for the drug trafficking count to which he pled guilty, which related to his involvement in an organization responsible for the distribution of over 70 kilograms of cocaine. At the time of sentencing (and still today), this Court believed this was the absolute minimum sentence to satisfy the considerations of 18 U.S.C. § 3553(a). The fulfillment of Defendant's term of imprisonment is necessary to reflect the seriousness of his offense and to deter future conduct both by Defendant and others who may have designs to

similarly distribute controlled substances and then attempt to flee the country to evade capture, as Defendant did here.

Defendant further argues that his viable release plan and his low risk of recidivism bolster his request for a sentence reduction. Unfortunately for Defendant, his proposed release plan, which involves his moving back in with his family in New York, seems to ignore the reality that there is an ICE detainer against him. (Mot. at 33). Accordingly, Defendant is highly likely to be removed from the country upon his release from custody, and so the Court cannot seriously credit his stated release plan.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

\*        \*        \*

For these reasons,

**IT IS** on this 13th of March, 2026

**ORDERED** that Defendant's Motion (Dkt. No. 37) is **DENIED**.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.
